**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: October 26 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 16-32189 |
| | ) | |
| Faustina Pokuaa Asiedu, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION AND ORDER

This case came before the court for hearing on the Chapter 7 Trustee's Motion Objecting to Exemption [Doc. # 14] and Debtor's Response [Doc. # 15]. The Trustee and Debtor's attorney attended the hearing in person.

On Schedule C filed with her petition, Debtor claims an exemption under Ohio Revised Code § 2329.66(A)(11) in a $10,000 divorce decree award. The propriety of Debtor's claimed exemption raises two issues: first, whether the purpose of the award was for support of Debtor or her dependents and, second, the extent to which such award is reasonably necessary for her support or the support of her dependents. At the hearing, the parties agreed that the court should decide, based solely upon the divorce decree that is in evidence, the predicate issue regarding the purpose of the award.

For the reasons that follow, the court finds that the purpose of the award was for support. The court will schedule a further hearing on the remaining issue regarding the extent to which such award is reasonably necessary for the support of Debtor or her dependents.

## FACTUAL BACKGROUND

On March 31, 2016, the Court of Common Pleas for Lucas County, Ohio, ("State Court") entered after trial a Decision of the Court and Judgment Entry of Divorce ("Divorce Decree") granting Debtor and her ex-husband a divorce. [Doc. # 16]. The Divorce Decree addresses five issues, which are set forth in five separate sections.

The first section of the Divorce Decree sets forth facts regarding financial misconduct of Debtor's ex-husband in withdrawing money from two bank accounts, resulting in the accounts effectively being closed, and withdrawing large sums of money from his personal savings account at General Motors, where he is employed, all without Debtor's knowledge. [*Id.* at 4-5].

The second section of the Divorce Decree addresses the obligation of Debtor's ex-husband to pay child support for their one minor child and imposes a child support obligation in the amount of $659.09 per month. [*Id.* at 5-8].

In the third section, the State Court set forth the manner in which marital assets and marital debts were to be divided. [*Id.* at 8-10]. The State Court awarded Debtor the share of her ex-husband's equity in their marital residence "as partial compensation for his financial misconduct." [*Id.* at 8]. With respect to her ex-husband's pension, the State Court awarded Debtor one-half the marital portion of the pension plus $14,658, stating that "[t]he additional sum awarded to [Debtor] is to compensate her for the balance of for (sic) her share of marital funds misappropriated by [her ex-husband]." [*Id.* at 8-9]. The State Court found each entitled to their respective vehicles and awarded Debtor, with a few exceptions, the contents of the marital residence. The State Court also set forth the manner in which their marital debt was to be divided. [*Id.* at 8-10]. Based upon the foregoing and considering the facts that the parties had been married for over twenty years, that Defendant had a substantially higher earning capacity and was responsible for several acts of financial misconduct, the State Court found that "the marital assets and debts have been equitably divided between the parties. . . ." [*Id.* at 10].

The State Court titled the fourth section of the Divorce Decree "Spousal Support." [*Id.* at 11-14]. The State Court considered the statutory factors set forth in Ohio Revised Code § 3105.18 and found it "reasonable and appropriate" to award Debtor spousal support in the amount of $650 per month for a period of six years or until Debtor's "remarriage or cohabitation with another as if married, . . . whichever occurs first." [*Id.* at 13]. The Divorce Decree states that "[t]he foregoing award is for periodic payments of spousal support and shall be taxable to [Debtor] and fully deductible by [her ex-husband]." [*Id.*].

The award at issue is set forth in the fifth section of the Divorce Decree, which addresses three separate motions for attorney fees filed by Debtor between January 2015 and February 2016. [*Id.* at 14-16]. Debtor's attorney fees totaled $18,674. [*Id.* at 15]. The basis of Debtor's request that her ex-husband be responsible for her legal fees was that she did not have the funds to pay her attorney. [*Id.*]. Noting that the payment of attorney fees in a divorce action is "primarily the function of the party who retains the attorney" and "is not an equal obligation of both parties," the State Court found as follows:

> Upon consideration of the factors listed in [Ohio Revised Code] § 3105.73, the fact that [Debtor] has been awarded temporary spousal support since March, 2015, the duration of the marriage, the historic earning disparity between the parties, the division of marital assets which does not include any liquid assets from which Plaintiff could pay partial attorney fees, the nature of specific issues litigated, the Defendant's [ex-husband's] conduct which necessitated several show cause motions and extra discovery to obtain all relevant financial records, the Court finds that equity and fairness require Defendant be responsible for payment of $10,000 towards Plaintiff's attorney fees and litigation expenses.
>
> The award of attorney fees and litigation expenses is in the nature of spousal support but is not a periodic payment of support; such payment shall not be taxable to [Debtor] nor deductible by [her ex-husband]. If the attorney fees and litigation expenses are not paid in full within 120 days of the filing of this Decision and Judgment Entry of Divorce, Plaintiff shall be entitled to a lump sum judgment in the amount awarded, less payments made.

[*Id.* at 15-16].

## **LAW AND ANALYSIS**

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in Ohio for more than the 730 days preceding the date of the filing of her petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Debtor has claimed an exemption under Ohio Revised Code § 2329.66(A)(11) in the Divorce Decree's $10,000 award of attorney fees and litigation expenses. Under that statute, a person may exempt "the person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents." Ohio Rev. Code § 2329.66(A)(11). As one court noted, "the courts of Ohio have limited the application of the statute to those situations where the purpose of the grant was to provide support for the debtor or his/her

16-32189-maw    Doc 25    FILED 10/26/16    ENTERED 10/26/16 13:21:56    Page 3 of 6

dependents." *In re Delmoe*, 365 B.R. 124, 130 (Bankr. S.D. Ohio 2007) (citing cases). If the purpose was to provide support, the grant may be exempted to the extent reasonably necessary for such purpose. As indicated above, by agreement of the parties, only the purpose of the $10,000 award is before the court at this juncture, which the court is to determine solely by the provisions of the Divorce Decree.

The Divorce Decree expressly designates the award at issue as spousal support. Under Ohio law, "spousal support" is defined to mean "any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse" and includes awards "payable either in gross or by installments." Ohio Rev. Code § 3105.18(A) & (B). The court construes the term "spousal support" in § 2329.66(A)(11) to have the same meaning as in § 3105.18. *See* Ohio Rev. Code § 1.42 (providing that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.").

Notwithstanding the Divorce Decree's express designation, the Trustee argues that the award actually represents a property settlement and was not an award for the purpose of providing support. The Trustee argues that spousal support is specifically addressed in a different section of the Divorce Decree and that the award does not bear the traditional state law indicia consistent with a support obligation. Specifically, the Trustee argues that the award is not limited to a time certain, is not limited in the event of Debtor's remarriage or cohabitation with another as if married, and is not taxable to Debtor or deductible by her ex-husband.

The court does not find that the State Court's failure to address the $10,000 award in the section of the Divorce Decree entitled "Spousal Support" shows that the purpose of the award was not for support. Although the Trustee argues that the award is actually a property settlement, the State Court also did not include the award in the section of the Divorce Decree addressing the division of marital property and allocation of marital debts. The award was made in the context of Debtor's motions requesting that her ex-husband be responsible for her attorney fees and litigation costs. Such requests in a divorce proceeding are governed by Ohio Revised Code § 3105.73. The State Court reasonably addressed that issue in a separate section of the Divorce Decree.

The court also does not find the failure of the award to be limited in the event of Debtor's remarriage or cohabitation with another as if married demonstrates that its purpose was not for support, given the short time period after entry of the judgment that Debtor's ex-husband was required to pay the $10,000.

Furthermore, a determination as to whether an award is support "is not limited to the traditional indicia and can include others" such as "(1) the disparity of earning power between the parties; (2) the need for economic support and stability; (3) the presence of minor children; and (4) marital fault." *Bailey v. Bailey (In re Bailey)*, 254 B.R. 901, 905-06 (B.A.P. 6th Cir. 2000).

Factors for determining whether an award of attorney fees is equitable are set forth in Ohio Revised Code § 3105.73. A court may consider "the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate." Ohio Rev. Code § 3105.73(A). That statute further provides that "[n]othing in this section prevents an award of attorney's fees and litigation expenses from being designated as spousal support. . . ." Ohio Rev. Code § 3105.73(D).

In finding that equity and fairness required Debtor's ex-husband to be responsible for the $10,000 payment toward her attorney fees and expenses, the State Court considered the facts that Debtor was awarded temporary spousal support, the earning disparity between the parties, the division of marital assets included no liquid assets from which Debtor could pay her attorney fees, and her ex-husband's conduct that exacerbated Debtor's litigation costs. These considerations, followed by the express designation of the award as spousal support, provide a strong inference of the State Court's intent to provide Debtor with the means of paying her attorney fees without dissipating the monthly support otherwise ordered. The court finds such purpose constitutes "spousal support" as defined under Ohio law. *Cf. Trentadue v. Gay (In re Trentadue)*, No. 15-3142, 2016 WL 4791858, *5, 2016 U.S. App. LEXIS 16794, *15 (7th Cir. Sept. 14, 2016) (affirming the lower court's finding that an attorney fee award in child custody litigation was a domestic support obligation where "the obvious inference" drawn from the state court's order was "that it was taking a holistic view of the couple's financial position and making sure that its distribution of child support was not undermined by the costly legal tactics employed by [the appellant]").

The fact that the Divorce Decree specifies that the $10,000 payment required by the award will not be taxable to Debtor nor deductible by her ex-husband does not require a different result. Although generally "alimony or separate maintenance payments" are deductible by the payor and must be included in the payee's gross income, *see* 26 U.S.C. §§ 71 & 215, as one court notes, "[n]ot all court-ordered alimony and separate maintenance payments . . . fall within the federal statutory definition of "alimony or separate maintenance payment." *Roddy v. Roddy*, No. 97 CA 600, 1999 WL 22589, *5, 1999 Ohio App. LEXIS 70, *13 (Ohio App. Jan. 11, 1999). The Internal Revenue Code defines "alimony or separate maintenance

5

payments," for purposes of § 71, to exclude payments where the divorce or separation instrument designates such payment as a payment which is not includible in gross income under § 71 and not allowable as a deduction under § 215. *See* 26 U.S.C. § 71(b)(1)(B). The Internal Revenue Code's definition of "alimony," however, does not alter the definition of "spousal support" under Ohio law. *Cf. Roddy*, 1999 WL 22589 at *5 (rejecting the appellant's argument that the trial court lacked authority to designate the attorney fee award to his ex-wife as non-taxable spousal support); *Hartman v. Hartman*, 2005-Ohio-4663, 2005 Ohio App. LEXIS 4212, 2005 WL 2140575, ¶¶ 6 & 11, (Ohio App. Sept. 7, 2005) (finding that the appellant's $500 monthly obligation set forth in the divorce decree was spousal support notwithstanding the fact that the decree provided that it was not a taxable event to the parties).

For all of the foregoing reasons, the court finds that the purpose of the $10,000 award in the Divorce Decree was for Debtor's support. Having so determined, the issue remaining under § 2329.66(A)(11) is whether the award is reasonably necessary for the support of Debtor or her dependents. The court will set this matter for further status hearing to determine the need for a separate evidentiary hearing.

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that a further status hearing on the Trustee's Motion Objecting to Exemption [Doc. # 14] will be held on **November 10, 2016, at 2:30 p.m.** in Courtroom No. 2, Room 111, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio 43604.

###